960

## CONSOLIDATED WATER POWER & PAPER CO. v. BOWLES, Price Administrator.

No. 126.

United States Emergency Court of Appeals.
Heard at Washington June 25, 1945.

Decided Aug. 30, 1945.

John D. Hastings, of Chicago, Ill. (Hubachek & Kelly, of Chicago, Ill., Renah F. Camalier, of Washington, D. C., Charles Scott Kelly, of Chicago, Ill., and J. Verser Conner, of Louisville, Ky., on the brief), for complainant.

Nathaniel L. Nathanson, Associate Gen. Counsel, Office of Price Administration, of Washington, D. C. (Henry M. Hart, Jr., Acting Gen. Counsel, and Joseph Brenner, Atty., both of Office of Price Administration, both of Washington, D. C., on the brief) for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

LAWS, Judge.

Three motions are before the Court in a proceeding brought by complainant in the form of a Supplemental Complaint alleging that the Price Administrator has failed to comply with a judgment rendered by this Court on December 6, 1944. One of the motions was filed by complainant for leave to take depositions and for discovery; another was filed by the Administrator for authority to amend his Answer to the Supplemental Complaint; and the third was filed by complainant to amend its Supplemental Complaint. Counsel for the opposing parties make no objections to the granting of the second and third motions, except that the Administrator argues the proposed amendment to the Supplemental Complaint should be limited in its scope.

By our opinion of December 6, 1944,[1] we found that Maximum Price Regulation No. 451, which established ceiling prices to govern sales of book paper, brought about an unfair and improper discrimination between complainant's products and certain other book papers and we ordered the Regulation set aside insofar as it denied the same grade classification and form of price control to products recognized in the book paper trade as being of equal quality. Following the decision of this Court, on January 5, 1945, the Administrator issued Amendment 5 to the Regulation. In its Supplemental Complaint, filed May 23, 1945, complainant maintained that Amendment 5 preserved a discrimination against its papers substantially in violation of the mandate of this Court.

While complainant's motion for depositions and discovery was pending, the Administrator had in course of preparation Revised Maximum Price Regulation No. 451 which was to take the place of the Amended Regulation. The Revised Regulation came into effect July 19, 1945, and was included as part of the Administrator's motion to amend his Answer to the Supplemental Complaint. Complainant thereupon filed its motion to amend its Supplemental Complaint so as to assert against the Revised Regulation the same objections it had made against the Amended Regulation.

In the supplementary proceeding before us complainant seeks to attack the Revised Regulation without filing a new protest before the Administrator. It urges in effect that the Administrator designedly sought to evade and that he actually did evade the mandate of this Court by continuing the discrimination against complainant's products which we held to be improper. The Administrator makes no objection to the summary disposition of the claims of complainant, but maintains they should be decided only upon the record previously made before the Administrator in the protest proceeding, together with the Amended and Revised Regulations.

Complainant by its motion for depositions and discovery seeks to take the oral depositions of Addison T. Cutler, Economist in the Office of Price Administration, and John R. Remley, Chief of the Book Paper Unit of the Paper and Paper Products Branch of the Office of Price Administration. We have examined the motion in an effort to determine the nature of their proposed testimony. We find no clear specification of the facts to which they would testify. Complainant asserts that by the depositions, it will be enabled to prove its allegations to the effect that the Amended and Revised Regulations violate and evade the judgment of this Court; that they are not required by administrative feasibility or convenience; that the current prices for book paper are not the product of an earlier price structure created in a free market; that such prices are not the equivalent of prices fixed by the General Maximum Price Regulation; and that the Administrator has delayed in complying with the judgment of this Court. In complainant's briefs supporting its motion, it claims to be informed or advised that the senior officials of the Office of Price Administration sought to induce Remley to acquiesce in a policy of discrimination and when their efforts failed, Remley was permitted no part in initiating the new Regulations. It is stated that Remley opposes the new Regulations on the ground that they are unfair to substantially the same extent as the original Regulation. With respect to the proposed witness, Cutler, complainant states by its brief that Cutler has indicated it will be possible to obtain schedules of March 1942 prices.

In any case where the testimony of employees of the Office of Price Administration is sought to be obtained, it is important that the admissibility of such testimony should be made clearly to appear. Harassment of employees and resultant dis-

[1] Consolidated Water Power and Paper Co. v. Bowles, 148 F.2d 492.

ruption of the organization might result in seriously impeding the work of price control if depositions were permitted to be taken where the admissibility is doubtful. While as to Remley there is a suggestion of a policy of discrimination on the part of his superiors this appears as a conclusion of counsel, no offer of facts being made to support such suggestion. Disagreements between officials as to the effect of a regulation are not evidence of unfair discrimination and there appears to be no significance to the fact, if proved, that one of less authority, in case of disagreement with his superiors, was compelled to yield in their favor and was not permitted to participate in formulating a new regulation. Moreover, an employee of the Office of Price Administration will not be permitted to give his opinion before this Court that a new regulation contains the same type of discrimination as a prior regulation and that it evades the judgment of the Court. This is a question of law for our decision; it is not properly the subject of testimony by witnesses. The remaining statements as to what complainant expects to prove are so general in character and are so much in the nature of conclusions that we find ourselves in serious doubt as to their admissibility. We do not feel it proper to permit employees of the Office of Price Administration to be questioned upon such a showing.

■■ Both in the proposed oral depositions and in the proposed discovery of records and documents in the Office of Price Administration, an attempt is made to secure the introduction of testimony regarding March 1942 prices of book paper. While this testimony might have been and may still be available in protest proceedings before the Administrator, we cannot receive and consider it in support of a Supplemental Complaint brought to compel obedience to our mandate. A sharp distinction must be made between evidence which may be submitted directly to the Court to support an alleged violation of its mandate and evidence which first must be submitted to the Administrator to support an objection to a revised regulation, which was applicable against the original regulation and was not specified in the protest procedure. The Emergency Price Control Act [2] plainly requires that no evidence in support of an objection to a regulation shall be considered by the Court unless first submitted to the Administrator. Sec. 204(a). This provision of the Act may not relate to evidence of events occurring after the decision of the Court and relating exclusively to the question of obedience to its mandate, but it unquestionably does relate to evidence which was available to complainant when its protest was filed. In this proceeding the objection to the Revised Regulation is that it continues the prices fixed by the original Regulation which, with some variations, were those in effect in March 1942, and thereby discriminates against complainant to substantially the same extent as the original Regulation. This objection to the prices fixed by the original Regulation was available to complainant in the protest procedure and the testimony now sought also was available. Some testimony already is in the record bearing upon the point. We do not find it proper to receive directly any additional evidence as to this point.

■ The remaining offer of evidence sought to be obtained by way of discovery relates to records, letters and documents in the Administrator's possession dealing with the plan of setting up the proposed Regulation which, as we have said, was issued subsequent to the filing of complainant's motion. Since the proposed Regulation has now been issued, its plan which complainant seeks to discover has been revealed. Accordingly we need not determine whether such evidence would have been admissible had the Revised Regulation not been issued, for it clearly has no materiality at this time.

Complainant's motion for leave to take depositions and for discovery will be denied. The Administrator's motion to amend his Answer to complainant's Supplemental Complaint will be granted, and the motion of complainant to amend its Supplemental Complaint will be granted.

---

[2] 56 Stat. 23, 50 U.S.C.A.Appendix § 901 et seq.